UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LAUREN MAHER,**

    Plaintiff,

v.                                    CASE NO.:

**FLORIDA JOINT CARE INSTITUTE, LLP,**

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LAUREN MAHER, by and through undersigned counsel, brings this action against Defendant, FLORIDA JOINT CARE INSTITUTE, LLP ("Defendant"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages and retaliation under 29 U.S.C. § 215(a)(3), and Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pasco County, Florida.

### PARTIES

4. Plaintiff is a resident of Pasco County, Florida.

5. Defendant operates a medical practice company in Trinity, in Pasco County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, Defendant was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

## FACTS

15. Plaintiff began working for Defendant as a surgery scheduler in March 2021, and she worked in this capacity until March 2022.

16. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and she was entitled to be compensated for these overtime hours at a rate equal to one and one-half times her regular hourly rate.

17. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FLSA.

18. In or around January 2022, Plaintiff requested that Defendant pay her in accordance with the FLSA and complained about Defendant's failure to do so.

19. On or about January 20, 2022, Defendant refused to pay Plaintiff for her overtime hours and instructed Plaintiff not to work during that pay period in order to "make up the overtime" she worked in previous pay periods.

20. On or about March 30, 2022, Plaintiff's employment with Defendant ended.

21. Following Plaintiff's separation from Defendant, she was contacted by a prospective employer, HCA Florida, Medical Center of Trinity, and offered a position with that employer on March 15, 2022. She accepted the offer.

22. Defendant's employee, Kerri O'Brien has publicized that she got Plaintiff's job offer revoked.

23. The job offer was withdrawn as a result of Ms. Obrien's and Defendant's conduct. Plaintiff suffered damages as a direct result of Defendant's conduct.

24. Defendant retaliated against Plaintiff for requesting to be paid in accordance with the FLSA and complaining about Defendant's failure to do so by cutting the number of hours she was allowed to work and sabotaging a job offer she received.

25. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

27. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

29. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An equal amount to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## COUNT II – FLSA RETALIATION

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

31. By requesting to be paid in accordance with the FLSA and complaining about Defendant's failure to pay her an overtime rate for all the hours she worked over 40, Plaintiff engaged in protected activity under the FLSA.

32. By reducing the number of hours Plaintiff was allowed to work and sabotaging a job offer, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

34. Plaintiff was injured by Defendant's violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Compensatory damages, including emotional distress, allowable at law; and

    f)    For such further relief as this Court deems just and equitable.

## COUNT III – TORTIOUS INTERFERENCE

35. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint as though fully set forth herein. This is an action for tortious interference with an advantageous business relationship.

36. Plaintiff had reasonable expectation that her employment with a specific potential employer would ensue.

37. Defendant intentionally interfered with the aforementioned business relationship causing her to not be hired by HCA Florida, Medical Center of Trinity.

38. Defendant's actions were willful and done with malice.

39. Plaintiff was injured due to Defendant's unlawful actions, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff requests that this Court:

    a)    Assume jurisdiction over the cause and the parties;

    b)    Award compensation for lost wages, benefits, and other remuneration;

    c)    Award Plaintiff the costs of this action;

    d)    Award compensatory damages, including emotional distress, allowable at law.

    e)    Grant such other relief that is just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 17th day of May, 2022.

                                          Respectfully submitted,

                                          _____
                                          **LUIS A. CABASSA**
                                          Florida Bar Number: 0053643
                                          **WENZEL FENTON CABASSA, P.A.**
                                          1110 N. Florida Avenue, Suite 300
                                          Tampa, Florida 33602
                                          Main Number: 813-224-0431
                                          Direct Dial: (813) 379-2565
                                          Facsimile: 813-229-8712
                                          Email: lcabassa@wfclaw.com
                                          Email: gnichols@wfclaw.com
                                          **Attorneys for Plaintiff**