## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LAUREN MAHER,**

**Plaintiff,**

**FLORIDA JOINT CARE INSTITUTE, LLP**

**Defendant.**

_____/

CASE NO.: 8:22-cv-1140-MSS-AEP

### FLORIDA JOINT CARE INSTITUTE, LLP'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Florida Joint Care Institute, LLP, hereby files its Answer and Affirmative Defenses to Plaintiff, Lauren Maher's, Complaint and Demand for Jury Trial [D.E. 1].

### JURISDICTION AND VENUE

1. Defendant acknowledges that Plaintiff seeks to assert the Court's jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA") but Defendant denies, insofar as paragraph 1 alleges or implies, that Defendant violated any law, or acted in any improper manner toward Plaintiff.

2. Defendant acknowledges that Plaintiff seeks to assert the Court's jurisdiction pursuant to the FLSA, but Defendant denies, insofar as Paragraph 2

alleges or implies, that Defendant violated any law, or acted in any improper manner toward Plaintiff.

3. Admit only that venue is proper in the Middle District of Florida. Remaining allegations are denied.

## PARTIES

4. Without knowledge, therefore denied.

5. Admitted.

## GENERAL ALLEGATIONS

6. Denied.

7. Without knowledge, therefore denied.

8. Defendant acknowledges that Plaintiff seeks a jury trial but denies Plaintiff's entitlement to any relief.

9. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant denies the allegations therein.

10. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant denies the allegations therein.

11. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant denies the allegations therein.

12. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant denies the allegations therein.

13. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant denies the allegations therein.

14. Denied as phrased, therefore denied.

## FACTS

15. Admitted.

16. Denied as phrased, therefore denied.

17. Denied.

18. Denied.

19. Denied.

20. Admitted.

21. Without knowledge, therefore denied.

22. Denied.

23. Without knowledge as to Plaintiff's job offer, and therefore denied. Defendant denies that Plaintiff suffered any damages.

24. Denied.

25. Denied.

## COUNT I- FLSA OVERTIME VIOLATION

26. Defendant incorporates by reference its responses to Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

Defendant denies each and every allegation or claim in the unnumbered "Wherefore" paragraph and all subparts immediately following Paragraph 29 of the Complaint and further deny any allegations not specifically admitted herein.

## COUNT II- FLSA RETALIATION

30. Defendant incorporates by reference its responses to Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

Defendant denies each and every allegation or claim in the unnumbered "Wherefore" paragraph and all subparts immediately following Paragraph 34 of the Complaint and further deny any allegations not specifically admitted herein.

## COUNT III- TORTIOUS INTERFERENCE

35. Defendant incorporates by reference its responses to Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

36. Without knowledge, therefore denied

37. Denied.

38. Denied.

39. Denied.

Defendant denies each and every allegation or claim in the unnumbered "Wherefore" paragraph and all subparts immediately following Paragraph 39 of the Complaint and further deny any allegations not specifically admitted herein.

## GENERAL DENIAL

Defendant denies all allegations and prays for relief throughout Plaintiff's Complaint which are not specifically admitted by the Defendant.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury as to all issues so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As a First Affirmative Defense, Defendant asserts that Plaintiff has failed to state a claim upon which relief may be granted. Specifically, Plaintiff was compensated for all hours worked in excess of 40 hours in any workweek (as the

Plaintiff herself reported her time worked) at a rate not less than that set forth by the overtime provisions of the FLSA. As such, Defendant has already compensated Plaintiff for all overtime worked, if any, and Plaintiff has suffered no damages. Plaintiff's claims should thus be dismissed in their entirety.

### Second Affirmative Defense

As a Second Affirmative Defense, Defendant asserts that Plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff has failed to properly follow policies and procedures of Defendants for requesting permission to perform and reporting overtime work, and as such, Plaintiff's claims are barred.

### Third Affirmative Defense

As a Third Affirmative Defense, Defendant invokes the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et. seq.

### Fourth Affirmative Defense

As a Fourth Affirmative Defense, Defendant is entitled to a setoff of monies or other amounts paid or provided to Plaintiff by Defendant for periods which Plaintiff was compensated but completed no work.

### Fifth Affirmative Defense

As a Fifth Affirmative Defense, Defendant states Plaintiff's action is barred because she seeks to recover for time that is *de minimis* work time and thus not compensable under the FLSA.

**Sixth Affirmative Defense**

As a Sixth Affirmative Defense, Defendant states that to the extent Plaintiff is entitled to overtime pay, Plaintiff has waived any right to any overtime pay she now seeks as a result of her failure to properly follow policies and procedures of Defendant for obtaining prior approval for overtime hours worked. Specifically, pursuant to the employee handbook, which was provided to Plaintiff at the outset of her employment with Defendant, "working overtime without prior approval by the Administrator will result in disciplinary action." Plaintiff did not, at any point, obtain the prior approval from the Administrator prior to working her alleged overtime hours. As such, Plaintiff has waived any right to any overtime pay she now seeks.

**Seventh Affirmative Defense**

As a Seventh Affirmative Defense, Defendant states that to the extent that Plaintiff is entitled to recover overtime pay, Plaintiff is estopped from claiming any overtime pay she is now seeking as a result of her failure to properly follow policies and procedures of Defendant for obtaining prior approval for overtime hours worked. Specifically, pursuant to the employee handbook, which was provided to Plaintiff at the outset of her employment with Defendant, "working overtime without prior approval by the Administrator will result in disciplinary action." Plaintiff did not, at any point, obtain the prior approval from the

Administrator prior to working her alleged overtime hours. As such, Plaintiff should be estopped from recovering to any overtime pay she now seeks.

### Eighth Affirmative Defense

As an Eighth Affirmative Defense, Defendant states that Plaintiff is not entitled to recover from Defendant liquidated damages under the FLSA, because Defendant acted in good faith and did not willfully, or with reckless disregard, violate the FLSA.

### Ninth Affirmative Defense

As a Ninth Affirmative Defense, Defendant states that Plaintiff has failed to state a claim for tortious interference with an advantageous business relationship. Plaintiff has failed to demonstrate the existence of any business relationship. Plaintiff refers to her "reasonable" expectation about a future employment opportunity, however, she has not established the existence of an actual business relationship necessary to support this count.

Further, Florida is an at-will employment state, meaning all employment relationships are terminable by either party at any time. A claim for tortious interference is not appropriate for at will contracts unless the motive is purely malicious. Plaintiff has not demonstrated a malicious motive by the Defendant, nor has she proven that she has suffered any related damages. Accordingly, Plaintiff's claim for tortious interference should be dismissed in its entirety.

## Tenth Affirmative Defense

As a Tenth Affirmative Defense, Defendant states it was unaware of Plaintiff's prospective employment opportunity, nor did Defendant intend to interfere with such an opportunity. Plaintiff has failed to demonstrate Defendant acted intentionally, and therefore Plaintiff's tortious interference claim should be dismissed in its entirety.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional defenses upon discovery of information concerning Plaintiff's claims.

Respectfully submitted,

WOLFE | PINCAVAGE
7800 SW 57th Avenue, Suite 217
Miami, Florida 33143
Telephone: 786-409-0800

/s/ Hana A. Aryan
Danya J. Pincavage
Fla. Bar No.: 14616
danya@wolfepincavage.com
Hana A. Aryan
Fla Bar No.: 1003617
hana.aryan@wolfepincavage.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 8th, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Luis A. Cabassa
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Avenue, Suite 300
Tampa, FL 33602
lcabassa@wfclaw.com
gnichols@wfclaw.com

*Counsel for Plaintiff*

By: /s/ Hana A. Aryan